CITED in *State* v. *Sippel*, 1 *Dutch.* 530; *Stevens* v. *Paterson & Newark R. R. Co.*, 5 *Vr.* 546, 569; *State* v. *Haight*, 6 *Vr.* 184; *State* v. *Taylor Coll.*, 6 *Vr.* 186; *Haney* v. *Compton*, 7 *Vr.* 516.

---

THE STATE (PETER BENTLEY and others, Prosecutors), *vs.* EARL B. SIPPEL, COLLECTOR IN JERSEY CITY.

Where a license is given to owners of land lying on a navigable stream to wharf out below high water mark, so far as the grant extends the property is vested in the grantees, and is liable to taxation.

*Certiorari* in matter of taxation.

This case was argued and decided with the preceding one, the questions arising in it being nearly the same.

ELMER, J. This case differs from that in which Marshall O. Roberts and others are prosecutors only in the facts, that a considerable part of the land covered with water is within the grant from the state to Nathaniel Budd, and the prosecutors have obtained a license to wharf out within certain limits. So far as the grant extends, I am of opinion the property was vested in the prosecutors, and they were rightly taxed with its value for that reason. And for the reasons given in the other case, I am of opinion that the taxes for county and city purposes should be affirmed as they stand. The water tax for all the property covered with water is erroneous, and must be set aside.

The CHIEF JUSTICE, and Justices OGDEN and HAINES, concurred.

CITED in *State* v. *Haight Coll.*, 6 *Vr.* 181.